# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DAVID DEAN WOOD,** | )<br>) |
| Plaintiff, | ) Case No. 7:18CV00106<br>) |
| v. | ) **OPINION**<br>) |
| **McGLAUPHLIN,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | )<br>) |

*David Dean Wood, Pro Se Plaintiff.*

David Dean Wood, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. He alleges that when he was attacked by three other inmates, the two guards who were escorting him ran away, leaving him to be punched and kicked by the inmates. Upon review of the record, I find that the action must be summarily dismissed with prejudice for failure to state a claim.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To hold an official liable

under § 1983, the plaintiff must state facts that affirmatively show how the official acted personally to deprive him of constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Wood's Complaint names a guard, McGlauphlin, as a defendant and seeks monetary damages. Wood does not describe any action this individual personally took in violation of Wood's constitutional rights, however. Thus, Wood states no claim actionable under § 1983 against McGlauphlin.

Wood's allegations in general also fail to state a constitutional claim against anyone.

> The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Prisons house persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, and at the same time strips inmates of virtually every means of self-protection. The government and its officials are not free to let the state of nature take its course, and gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective.
>
> Prison officials are, therefore, obligated to take reasonable measures to guarantee inmate safety. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.
>
> That being said, not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Rather, liability attaches only when two requirements are met. First, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim based on a failure to prevent harm, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm.

*Makdessi v. Fields*, 789 F.3d 126, 132-33 (4th Cir. 2015).[1] In this case, Wood must show, objectively, that he has suffered a "significant physical or emotional harm" as a result of the hazardous condition at issue. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). Wood makes no such showing. He does not allege facts showing that he suffered any significant injury from the incident described in his Complaint.

The second requirement in the constitutional standard is to show that, subjectively, the defendant official knew facts indicating a substantial risk of serious harm, recognized the existence and seriousness of that risk, and failed to respond reasonably to alleviate it. *Makdessi*, 789 F.3d at 133-34. While prison officials are constitutionally "obligated to take reasonable measures to guarantee inmate safety" against attacks from other inmates, they cannot be liable under § 1983 for failing to prevent such an attack through mere inadvertence or negligence. *Id.* at 132. Wood alleges that the inmate attackers should have been locked in their cells while he was being escorted through the area. Without more, this allegation suggests merely negligent oversight, which does not support a constitutional claim against anyone.

While theoretically Wood might be able to plead additional facts in order to overcome the deficiencies in his case as noted above, prison officials "may be

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). Based on Wood's description of the events, the escorting guards did not respond unreasonably to the circumstances by running for help when they were outnumbered by attackers.

For the stated reasons, I am satisfied that Wood cannot state facts consistent with his allegations that will support an actionable § 1983 claim against anyone. Accordingly, I will dismiss this civil action with prejudice under 42 U.S.C. § 1997e(c)(1). An appropriate order will enter this day.

DATED: June 11, 2018

/s/ James P. Jones
United States District Judge